IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § § | CR. NO. L-04-1058 |
| **SANTIAGO DOMINGUEZ-RAMOS** | § | |

## OPINION AND ORDER

BE IT REMEMBERED that on June 21, 2005, the Court **DENIED without prejudice** Defendant's "Second Amended Motion to Proceed Appeal in Forma Pauperis."

This case was originally tried on July 22, 2004 before United States District Judge Kazen. Defendant was indicted on two counts, one for conspiracy to possess with intent to distribute a controlled substance and the other for possession of a controlled substance. After deliberating for approximately five hours over a two-day period, the jury notified the Court that it was unable to reach a verdict. After retiring for the weekend and returning on Monday, Judge Kazen gave the jury an *Allen* charge. The jury subsequently reached only a partial verdict, returning a not-guilty verdict on the conspiracy count, but no verdict on the possession count. As a result,
Judge Kazen declared a mistrial on the possession charge.

In a second trial before United States District Judge Tagle, Defendant was charged in a superceding indictment with possession of a controlled substance, Count I, and importation of a controlled substance, Count II. After the Court gave the jury an *Allen* charge, the jury returned a guilty verdict on both counts of the indictment. Defendant filed a notice of appeal on March 10, 2005.

In Defendant's first request to proceed in forma pauperis, counsel requested such

relief on Defendant's behalf because "Defendant's wife originally retained the present defense counsel, but she did not fully comply with the original fee agreement.  Thus, is appears that defendant nor his wife have financial means to pay more attorney's fees and/or appellate fees and expenses.  Defendant's wife, as stated in the PSI, is the family's sole means of support while Defendant is in custody."  Motion to Proceed Appeal in Forma Pauperis, at p. 1.

The Court denied Defendant's first request to proceed in forma pauperis because Counsel failed to make the appropriate showing of indigency for his client.  Nor had counsel pointed out to the Court, other than a brief reference to the fact that Defendant's wife is the sole income earner for the family, all sources of family income (including any public assistance), or otherwise established that the Defendant is truly unable to pay for the services of an attorney.  To demonstrate this, this Court noted that Defendant must file an affidavit of indigency in support of his petition in which he sets forth the facts as to his poverty with some particularity, definiteness, and certainty.  This Court further stated that an assumption that Defendant's failure to pay all expenses incurred to date means he is indigent is not adequate proof of indigency, and the Court could not make a determination of indigence until it had a complete picture of Defendant's circumstances.

The Court rejected Defendant's First Amended Motion to Proceed in Forma Pauperis because the affidavit of indigency did not set forth the facts as to Defendant's poverty with *particularity* including *all* sources of family income.  Defendant's wife may be the sole income-earner, but the Court requires an affidavit expressing the source of her income.  In addition, as Defendant is currently incarcerated, the Court admonished Counsel that he should consult the clerk's office of the United States District Court for the Southern District of Texas in Laredo and obtain an "Application to Proceed without Prepayment of Fees and Affidavit."  This form instructs prisoners seeking to proceed in forma pauperis to submit an affidavit *stating all assets* and a statement certified by the appropriate institutional officer showing "all receipts, expenditures, and balances during the last six months of [the prisoner's] institutional accounts."

The Court now denies without prejudice Defendant's Second Amended Motion to

Proceed in Forma Pauperis.  This time, Defendant's counsel provided the Court with an affidavit by Defendant's wife listing the sources of income.  Additionally, counsel provided the Court with an Application to Proceed in Forma Pauperis, filled out by Defendant's wife. This form explicitly states on the second page:

> **NOTICE TO PRISONER:** A prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

Regardless of the fact that Defendant's wife filled out the Application to Proceed without Prepayment of Fees and Affidavit, the Court still requires counsel to file the certified statement referenced above because Defendant is currently incarcerated.

Should counsel wish to submit a third amended motion to proceed in forma pauperis, the Court **ORDERS** him to submit a courtesy copy to the chambers of United States District Judge Hilda Tagle in the Brownsville Division of the Southern District of Texas.

DONE this 21st day of June, 2005, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

3